IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELMER EUGENE WALKER,<br><br>        Petitioner,<br><br>  v.<br><br>R. BURTON,<br><br>        Respondent. | No. 2:22-CV-0558-KJM-DMC-P<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner, a prisoner proceeding pro se, brings this petition for a writ of habeas corpus under 28 U.S.C. § 2254. Pending before the Court is Respondent's motion to dismiss, ECF No. 11. Petitioner has filed an opposition, ECF No. 15, and Respondent has filed a reply, ECF No. 16. Respondent argues the petition must be dismissed for failure to state a cognizable claim and failure to exhaust state court remedies. See ECF No. 11. For the reasons discussed below, the Court finds the latter argument to be dispositive.

Under 28 U.S.C. § 2254(b), the exhaustion of available state court remedies is required before claims can be granted by the federal court in a habeas corpus case. See Rose v. Lundy, 455 U.S. 509 (1982); see also Kelly v. Small, 315 F.3d 1063, 1066 (9th Cir. 2003); Hunt v. Pliler, 336 F.3d 839 (9th Cir. 2003).[1] The exhaustion doctrine is based on a policy of federal

---

[1] Claims may be denied on the merits notwithstanding lack of exhaustion. See 28 U.S.C. § 2254(b)(2).

1

and state comity, designed to give state courts the initial opportunity to correct alleged constitutional deprivations. See Picard v. Connor, 404 U.S. 270, 275 (1971); see also Rose, 455 U.S. at 518. "A petitioner may satisfy the exhaustion requirement in two ways: (1) by providing the highest state court with an opportunity to rule on the merits of the claim . . .; or (2) by showing that at the time the petitioner filed the habeas petition in federal court no state remedies are available to the petitioner and the petitioner has not deliberately by-passed the state remedies." Batchelor v. Cupp , 693 F.2d 859, 862 (9th Cir. 1982) (citations omitted). Exhaustion is not a jurisdictional requirement and the court may raise the issue sua sponte. See Simmons v. Blodgett, 110 F.3d 39, 41 (9th Cir. 1997).

Regardless of whether the claim was raised on direct appeal or in a post-conviction proceeding, the exhaustion doctrine requires that each claim be fairly presented to the state's highest court. See Castille v. Peoples, 489 U.S. 346 (1989). Although the exhaustion doctrine requires only the presentation of each federal claim to the highest state court, the claims must be presented in a posture that is acceptable under state procedural rules. See Sweet v. Cupp, 640 F.2d 233 (9th Cir. 1981). Thus, an appeal or petition for post-conviction relief that is denied by the state courts on procedural grounds, where other state remedies are still available, does not exhaust the petitioner's state remedies. See Pitchess v. Davis, 421 U.S. 482, 488 (1979); Sweet, 640 F.2d at 237-89.[2]

In addition to presenting the claim to the state court in a procedurally acceptable manner, exhaustion requires that the petitioner make the federal basis of the claim explicit to the state court by including reference to a specific federal constitutional guarantee. See Gray v. Netherland, 518 U.S. 152, 162-63 (1996); see also Shumway v. Payne, 223 F.3d 982, 998 (9th Cir. 2000). It is not sufficient for the petitioner to argue that the federal nature of the claim is self-evident. See Lyons v. Crawford, 232 F.3d 666, 668 (9th Cir. 2000), amended by 247 F.3d 904 (9th Cir. 2001). Nor is exhaustion satisfied if the state court can only discover the issue by

---

[2] This situation of procedural deficiency is distinguishable from a case presented to the state court using proper procedures but where relief on the merits is precluded for some procedural reason, such as untimeliness or failure to raise the claim on direct appeal. The former represents an exhaustion problem; the latter represents a procedural default problem.

reading a lower court opinion in the case. See Baldwin v. Reese, 541 U.S. 27, 32 (2004).

In the petition, Petitioner states that he is in custody following a criminal conviction and sentencing on March 18, 1997. See ECF No. 1, pg. 2. While Petitioner claims to have sought review in the California Supreme Court, Petitioner indicates "N/A" when asked on the form petition the date of the California Supreme Court's decision and the case number. See id. at 5. According to Respondent, California Supreme Court records indicate no matters filed in that court by petition since 2001. See ECF No. 11, pg. 4 and n.5 (link to California Supreme Court docket). In his opposition, Petitioner concedes that he did not seek review in the California Supreme Court and asks this Court to "wave [sic] the Superior Court, and the California Supreme Court." ECF No. 15, pg. 2. Because Petitioner admits that he failed to present his claim, even if it is cognizable, to the state's highest court, the claim is unexhausted and the petition must be dismissed for this reason alone.

Based on the foregoing, the undersigned recommends that:

    1.    Respondent's motion to dismiss, ECF No. 11, be granted;

    2.    This petition be dismissed for failure to exhaust state court remedies; and

    3.    Petitioner's motion for discovery, ECF No. 5, be denied as moot.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  September 12, 2022

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE